# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-10630-RGK / 2:15-CR-00366-RGK | Date | March 26, 2020 |
|---|---|---|---|
| Title | *DANIEL EUGENE KELLER V. UNITED STATES OF AMERICA* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re: Motion to Vacate, Set Aside, or Correct Sentence (DE 1)

## I. INTRODUCTION AND FACTUAL BACKGROUND

In July 2015, in the criminal case *United States v. Keller*, CR-15-366-RGK, Daniel Eugene Keller ("Petitioner" or "Appellant") entered into a written plea agreement as to one count of possession with intent to distribute methamphetamine, and one count of being a felon in possession of a firearm. In that plea agreement, Petitioner agreed to a sentence of 173 months imprisonment and eight years supervised release. Petitioner also agreed to waive his rights to appeal.

On February 1, 2016, the Court sentenced Petitioner to 173 months imprisonment. In May 2016, because Petitioner had provided useful information to the government, the government recommended a sentence reduction by 30 months to 143 months imprisonment. Petitioner argued that his sentence should be reduced even further, to 120 months imprisonment. On June 28, 2016, the Court resentenced Petitioner to 137 months imprisonment.

On August 7, 2017, Petitioner filed a motion to vacate, set aside, or correct sentence by a person in federal custody pursuant to 28 U.S.C § 2255, which this Court denied on March 5, 2018. (Min. Order, 2:17-cv-05820, ECF No. 30.) The Court found that Petitioner did not suffer a violation of his Sixth Amendment right to effective legal representation. The Court later denied Petitioner's request for issuance of a certificate of appealability finding the petition was both time-barred and without merit. (Min. Order, 2:17-cv-05820, ECF No. 33.) Subsequently, the Ninth Circuit Court denied Appellant's request for a certificate of appealability finding appellant has not shown that "jurists of reason would find it debatable whether the [section 2255 motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." (Ninth Circuit Order, 2:17-cv-05820, ECF No. 35.)

Presently before the Court is Petitioner's second § 2255 motion to vacate, set aside, or correct his sentence. Petitioner argues that his § 922(g) conviction should be overturned pursuant to a recent

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-CV-10630-RGK / 2:15-CR-00366-RGK | Date | March 26, 2020 |
|---|---|---|---|
| Title | *DANIEL EUGENE KELLER V. UNITED STATES OF AMERICA* | | |

Supreme Court decision, *Rehaif v. United States*, 139 S. Ct. 2191 (2019), to allow him an opportunity to attend a residential drug abuse program.

For the following reasons, the Court **DENIES** Petitioner's Motion.

## II. JUDICIAL STANDARD

28 U.S.C. § 2255 ("Section 2255") provides that a prisoner in custody may be released if the prisoner can show that: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. See 28 U.S.C. § 2255.

## III. DISCUSSION

As a matter of law, Petitioner was entitled to file only one § 2255 motion in the district court. *See* 28 U.S.C. § 2255. To file a successive motion, Petitioner was required to obtain permission from the Ninth Circuit. *See* 28 U.S.C. § 2255(h); Ninth Cir. R. 22-3(a) ("An applicant seeking authorization to file a second or successive…28 U.S.C. § 2255 motion in the district court must file an application in the court of appeals demonstrating entitlement to such leave[.]") Petitioner having already filed his first § 2255 motion on August 7, 2017, which this Court denied, has not provided the Ninth Circuit's permission to file a successive motion. Because Petitioner filed his Motion without complying with the procedural requirements for filing successive § 2255 motion, this Court lacks jurisdiction over the Motion. *See United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Motion.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer
_____